1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN BAKER

                Plaintiff,

v.

FA REDMOND PAD LLC, FA REDMOND LLC, Brian Franklin in his official capacity, and Nat Franklin in his official capacity

            Defendants.

NO. 2:24-cv-00776

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

    Plaintiff Brian Baker, by and through his attorneys Conrad Reynoldson and Marielle Maxwell of Washington Civil & Disability Advocate brings this Complaint against Defendants FA Redmond PAD LLC, FA Remond LLC, Brian Franklin in his official capacity, and Nat Franklin in his official capacity.

## I.    OVERVIEW

    1.1    FA Redmond PAD LLC is a foreign business entity formed in Wyoming.  FA Redmond PAD LLC owns and operates commercial property in Washington State known as the

"Family Pancake House" located at 17621 Redmond Way, Redmond, WA 98052, Parcel Number 3066100040. FA Redmond PAD LLC is owned and operated by Brian Franklin.

1.2     FA Remond LLC is a foreign business entity formed in Wyoming and registered in Washington State. FA Remond LLC owns and operates commercial property in Washington State known as the "Redmond Inn" located at 17601 Redmond Way, Redmond, WA 98052, Parcel Number 3066100020. FA Remond LLC is owned and operated by Brian Franklin.

1.3     On information and belief, FA Remond PAD LLC and FA Remond LLC are entities affiliated with PMF Investments, a Washington real property investment limited liability company with the principal address of 15015 Main St, Ste 203 Bellevue, WA 98007.  PMF Investments has a portfolio of several multi-million-dollar value commercial real estate properties. PMF Investments performs services such as property acquisition, development, brokerage, and management. Brian Franklin is the president of PMF Investments. Nat Franklin is the CEO and Principal of PMF Investments.

1.4     On information and belief Brian Franklin and Nat Franklin, the sole named managers of FA Remond PAD LLC and the FA Remond LLC, are the owners and chief decision-makers for the Family Pancake House and Redmond Inn properties. On information and belief, Brian Franklin and Nat Franklin are responsible for making any business decisions related to property management and accessibility at these two parcels.

1.5     The Family Pancake House property has one building on it, a currently-in-operation restaurant named the Family Pancake House, Similarly, the Redmond Inn parcel has a building which is a currently-in-operation hotel called the Redmond Inn. A connected parking lot surrounds the buildings which serves the individual businesses.

Complaint for Declaratory and Injunctive
Relief - 2
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1.6     FA Redmond PAD LLC, FA Remond LLC, Brian Franklin in his official capacity, and Nat Franklin in his official capacity are collectively referred to herein as "Defendants".

1.7     On information and belief, the Family Pancake House has control over the parking spaces touching the restaurant building within the parcel, and the Redmond Inn has control over the remaining spaces in the parking area within the parcel, along with additional spaces on the far side of the Inn. The parking area is not jointly shared and is loosely divided by use. Patrons for the Family Pancake House utilize spaces closest to and serving the restaurant, whereas patrons for the Redmond Inn utilize spaces closest to and serving the hotel.

1.8     As private entities, Defendants FA Redmond PAD LLC and FA Remond LLC are subject to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., which prohibits discrimination against individuals on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation.

1.9     Under the ADA, public accommodations include restaurants, hotels, and parking services, which must be provided consistent with the Department of Justice 2010 ADA Standards for Accessible Design ("2010 ADA Standards") or the precursor standards for ADA compliance adopted in 1991, the 1991 ADA Standards for Accessible Design ("1991 ADA Standards"). See 28 CFR part 36, subpart D; the 2004 Americans with Disabilities Act Accessibility Guidelines (ADAAG) at 36 CFR part 1191, appendices B and D; and 28 CFR part 36, subpart D, appendix A ("1991 ADA Standards"). Collectively these standards are referred to as "ADA Standards"

Complaint for Declaratory and Injunctive
Relief - 3
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1.10    Like the ADA, the Washington Law Against Discrimination ("WLAD") RCW 42.60 et seq. prohibits discrimination against individuals on the basis of disability in places of public resort, accommodation, or amusement.

1.11    This litigation is brought by Plaintiff Brian Baker. He has a mobility disability which limits him in the major life activity of walking and requires him to use a wheelchair. Mr. Baker drives himself in a motor vehicle modified for wheelchair use as a preferred means of travel to locations relevant to his employment, commercial, and social activities.

1.12    Mr. Baker visited the Family Pancake House and Redmond Inn parcels and subsequently encountered barriers to the full access guaranteed by the ADA and WLAD.

1.13    Defendants have violated Title III and Washington's Law Against Discrimination because Defendants own and operate a commercial property, a restaurant, and a hotel, which are places of public accommodation that do not comply with ADA laws and regulations or the WLAD.

1.14    Thus, Mr. Baker brings this action to end the civil rights violations at these places of public accommodation by Defendants against him as well as other customers with mobility disabilities.

1.15    Mr. Baker brings this lawsuit to ensure that he and other customers with mobility disabilities have accessible and safe access to these businesses.

## II.    JURISDICTION AND VENUE

2.1    This action arises under the laws of the United States and is brought pursuant to §12132. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3)-(4) (civil rights jurisdiction)

Complaint for Declaratory and Injunctive
Relief - 4
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

2.2    The court also has supplemental jurisdiction over Mr. Baker's state law claims pursuant to Washington's Law Against Discrimination, RCW 49.60, pursuant to 28 U.S.C. § 1367.

2.3    Venue in this court is proper pursuant to 28 U.S.C. § 1391(b)(2), as all of the events giving rise to the claims occurred in King County, Washington State.

### III.    PARTIES

3.1    Brian Baker is the Plaintiff in this action. Mr. Baker is a resident of King County, Washington, which is in this judicial district.

3.2    Mr. Baker is a qualified individual with a disability as defined by Title III of the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.010 et seq. Mr. Baker has a mobility disability and is unable to walk. Mr. Baker uses a wheelchair and a modified vehicle for transportation and requires accessible parking and an accessible route to be able to patronize places of public accommodation, such as the businesses located at Defendants' Family Pancake House and Redmond Inn property.

3.3    Defendant FA Redmond PAD LLC is a foreign business entity governed by the State of Wyoming. FA Remond PAD LLC was created in 2023 and subsequently purchased real property in Washington State located at 17621 Redmond Way, Redmond, WA 98052, Parcel Number 3066100040 for $2,676,243.00. FA Remond PAD LLC has the principal office address of 15015 Main St, Ste 203 Bellevue, WA 98007, USA. The sole named managers of FA Remond PAD LLC are Brian Franklin and Nat Franklin.

3.4    Parcel number 3066100040 is commercial property currently in-use as a restaurant, the "Family Pancake House" which is open to the public. Parking for this business is open to the public adjacent to and near the building.

Complaint for Declaratory and Injunctive
Relief - 5
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

3.5     Defendant FA Redmond LCC is a foreign business entity governed by the State of Wyoming. FA Remond LLC has registered in Washington State as a foreign limited liability company. FA Remond LLC was created in 2023 and subsequently purchased real property in Washington State located at 17601 Redmond Way, Redmond, WA 98052, Parcel Number 3066100020 for $17,353,757.00. The principal address of FA Remond LLC is 15015 Main St, Ste 203 Bellevue, WA 98007. The sole named managers of FA Remond LLC are Brian Franklin and Nat Franklin on the Wyoming business documents, however, the Washington registration of the business lists Brian Franklin as the sole governor.

3.6     Parcel number 3066100020 is commercial property currently in-use as a hotel, the "Redmond Inn" which is open to the public. Parking for this business is open to the public adjacent to and near the building.

3.7     Brian Franklin is one of the two sole managers listed in the Wyoming business documents of FA Remond PAD LLC and FA Remond LLC. He is the sole named governor on the business documents registering FA Remond LLC in Washington State. On information and belief, Brian Franklin is an owner and decision-maker for the properties of the Family Pancake House and Redmond Inn. On information and belief, Brian Franklin has the responsibility to make any business decisions related to property management and accessibility at these two parcels.

3.8     Nat Franklin is one of the two sole managers listed in the Wyoming business documents of FA Remond PAD LLC and FA Remond LLC. On information and belief, Nat Franklin is an owner and decision-maker for the properties of the Family Pancake House and Redmond Inn. On information and belief, Nat Franklin has the responsibility to make any business decisions related to property management and accessibility at these two parcels.

Complaint for Declaratory and Injunctive
Relief - 6
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1

2
## IV.    FACTS

**Standards**

3

4.1    Mr. Baker incorporates the prior paragraphs herein by reference.

4

5
4.2    Defendants own and operate commercial property open to the public that members

of the public visit and use for lodging, entertainment, and other services.

6

7
4.3    Per Title III of the ADA, a restaurant, inn, or parking facility open to the public is a

place of public accommodation. Thus, these places of public accommodation must provide

8
compliant, accessible parking.

9

10
4.4    More than thirty years after the passage of the ADA, Defendants discriminate

against individuals with disabilities who have mobility impairments. Defendants own and/or

11

12
operate commercial real estate that houses public-facing businesses, public parking facilities and

routes from those facilities to the public businesses in such a way that individuals with disabilities

13

14
who have mobility impairments are provided unequal access and enjoyment to the services and

amenities of both the parking and the businesses.

15

16
4.5    As the owners and/or operators of a property which poses safety and accessibility

barriers for those with disabilities, the owners and operators of public accommodations are

17
responsible for remedying these violations.

18

19
4.6    With respect to any parking facilities whose construction or last alteration predates

January 26, 1992, Defendants must remove all architectural barriers to Plaintiffs' full and equal

20

21
enjoyment of Defendants' parking services if readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

The duty to remove architectural barriers includes creating designated accessible parking spaces,

22

23
see 28 C.F.R. § 36.304(b)(18), making the 1991 ADA Standards applicable if readily achievable.

Complaint for Declaratory and Injunctive
Relief - 7
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1    4.7    2010 ADA Standards for Accessible Design were published September 15, 2010,

2   and became effective on March 15, 2012. Thus, the 2010 ADA Standards apply to any of

3   Defendants parking facilities whose construction or last alteration postdates that effective date.

4    4.8    With regards to the parking facilities, Defendant must provide accessible parking—

5   in terms of the number of required accessible parking spaces, the design specifications for such

6   spaces, and ingress/egress to each facility, inter alia—that is consistent with the 2010 ADA

7   Standards, see 28 CFR part 36, subpart D and the 2004 Americans with Disabilities Act

8   Accessibility Guidelines (ADAAG) at 36 CFR part 1191, appendices B and D ("2010 ADA

9   Standards"); or, in pertinent part, with the 1991 ADA Standards under 28 CFR part 36, subpart D

10  ("1991 ADA Standards") (hereinafter also collectively "ADA Standards").

11   4.9    On information and belief, the public parking facilities owned, or operated by

12  Defendants at the Family Pancake House and Redmond Inn properties were either constructed or

13  altered (by resurfacing, restriping, or other construction) after January 26, 1992, making Defendants

14  subject to 2010 ADA standards, and, where applicable, the 1991 ADA Standards.

15   4.10   The 1991 ADA Standards and 2010 ADA Standards set forth numerical

16  requirements for the number of accessible parking spaces in each parking facility[1] is required to

17  contain. The number of parking spaces required to be accessible is to be calculated separately for

18  each parking facility.

19   4.11   For parking facilities with 1-25 total spaces must be one (1) accessible space. For

20  parking facilities containing 26 to 50 total spaces, there must be two (2) accessible spaces. For

21  parking facilities containing 51 to 75 total spaces, there must be three (3) accessible spaces. For

22

23
_____

[1] Parking facilities are defined in the ADA Standards as both surface parking lots and parking structures such as garages.

Complaint for Declaratory and Injunctive
Relief - 8
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

parking facilities containing 76 to 100 total spaces, there must be four (4) accessible spaces. For parking facilities containing 101 to 150 total spaces, there must be five (5) accessible spaces. For parking facilities containing 151 to 200 total spaces, there must be six (6) accessible spaces. For parking facilities containing 201 to 300 total spaces, there must be seven (7) accessible spaces. For parking facilities containing 301 to 400 total spaces, there must be eight (8) accessible spaces. For parking facilities containing 401 to 500 total spaces, there must be nine (9) accessible spaces. For parking facilities containing 501 to 1000 spaces, there must be at least 2 percent of the total number of spaces designated for accessible parking. Tables reflecting the numerical requirements under both the 1991 ADA Standards and 2010 ADA Standards are respectively available under 28 C.F.R. Pt.36, App. A, § 4.1.2(5) (1991); and 36 C.F.R. part 1191, App. B, § 208.2.

4.12    In addition to numerical requirements, the ADA Standards mandate that each standard accessible space be a minimum of 96 inches in width. *See* § 4.6.3 of the 1991 ADA Standards, § 502.2 of the 2010 ADA Standards.

4.13    There must also be an access aisle at least 60 inches wide for each space (though the same aisle may serve two adjacent spaces), which extends the entire length of the space. *See* § 4.6.3 of the 1991 ADA Standards, §§ 502.3.1-502.3.2 of the 2010 ADA Standards.

4.14    Per §502.3.3 of the 2010 ADA Standards, access aisles are to be marked to discourage parking in them.

4.15    Per the 1991 ADA Standards, one in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 inches wide at minimum and shall be designated "van accessible" on the sign designating the space. §§ 4.1.2(5)(b), 4.6.4 of the 1991 ADA Standards. The parking facility must allow a minimum clearance of 98 inches at "van accessible" designated

Complaint for Declaratory and Injunctive
Relief - 9
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

spaces and along at least one vehicle access route to such spaces from site entrance(s) and exit(s). *Id.* § 4.6.5.

4.16    The 2010 ADA Standards, where applicable, require that one in every six (or fraction of six) accessible spaces be designated as "van accessible" on the parking space identification sign. (§§ 208.2.4, 502.6 of the 2010 ADA Standards). The 2010 ADA Standards have the same vertical clearance specifications of 98 inches as the 1991 ADA Standards. *See id*. § 502.5.

4.17    The 2010 ADA Standards require the "van accessible" parking space to be either to be 132 inches (3350 mm) wide minimum with a 60 inches wide access aisle, or, like the 1991 ADA Standards, to be 96 inches (2440 mm) wide minimum where the access aisle is 96 inches (2440 mm) wide minimum. *Id.* § 502.2. Angled "van accessible" parking spaces are required to have access aisles located on the passenger side of the parking spaces. *Id.* § 502.3.4.

4.18    The ADA Standards require that accessible parking spaces and access aisles serving them be level with surface slope changes not permitted above 1:50 maximum in the 1991 ADA Standards and 1:48 maximum in the 2010 ADA Standards. *See* § 4.6.3 of the 1991 ADA Standards, §§ 502.4, 302 of the 2010 ADA Standards.

4.19    The 1991 and 2010 ADA Standards require accessible parking spaces to be designated as reserved by a sign designating the space. The sign must have the International Symbol of Accessibility ("ISA"). "Van accessible" spaces shall have an additional sign designation of "van accessible" mounted below the symbol of accessibility. §§ 4.6.4, A4.6.4 of the 1991 ADA Standards, § 502.6 of the 2010 ADA Standards.

4.20    The 1991 ADA Standards only require signs designating accessible parking to be located so they cannot be obscured by a vehicle parked in the space (§ 4.6.4 of the 1991 ADA

Complaint for Declaratory and Injunctive
Relief - 10
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

Standards), but the 2010 ADA standards require signs to be 60 inches (1525 mm) minimum above the finish floor or ground surface measured to the bottom of the sign. § 502.6 of the 2010 ADA Standards.

4.21    Per the 1991 and 2010 ADA Standards, accessible parking spaces serving a particular building are to be located on the shortest accessible route of travel from adjacent parking to an accessible entrance. In parking facilities that do not serve a particular building, accessible parking is to be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility. In buildings with multiple accessible entrances with adjacent parking, accessible parking spaces shall be dispersed and located closest to the accessible entrances. *See* § 4.6.2 of the 1991 ADA Standards, § 208.3.1 of the 2010 ADA Standards.

4.22    The 1991 and 2010 ADA Standards provide that the number of Accessible spaces required to be provided need not be provided in a particular lot within a multi-facility property and may be provided in a different location if equivalent or greater accessibility, in terms of distance from an accessible entrance, cost, and user convenience is ensured. *See* § 4.1.2(5)(a) of the 1991 ADA Standards, § 208.3.1 of the 2010 ADA Standards. "User convenience" is further described in the 2010 Standards as factors that include but are not limited to, protection from the weather, security, lighting, and comparative maintenance of the alternative parking site.

4.23    The 1991 and 2010 ADA Standards further mandate that a parking facility must have an accessible route that connects building or facility entrances with all accessible spaces and elements within the building or facility, including accessible parking spaces. *See* § 4.1.3 (1) of the 1991 ADA Standards; §§ 206.2.1-206.2.2 of the 2010 ADA Standards.

4.24    Thus, there must be an accessible route to connect the ADA Designated parking areas with accessible entrances of the businesses on the Family Pancake House and Redmond Inn properties.

4.25    This accessible route must be connected to the access aisle of accessible parking spaces and must be a minimum of 36 inches (915 mm) wide. *See* § 4.6.2 of the 1991 ADA Standards, §§ 403.5.1, 502.3 of the 2010 ADA Standards.

4.26    Ground and floor surfaces along accessible routes and in accessible rooms and spaces including floors, walks, ramps, stairs, and curb ramps, shall be stable, firm, slip resistant. § 4.5.1 of the 1991 ADA Standards, § 303.1 of the 2010 ADA Standards.

4.27    Openings that are within walking surfaces along accessible routes shall have spaces no greater than 1/2 in (13 mm) wide. Elongated openings shall be placed so that the long dimension is perpendicular to the dominant direction of travel § 4.5.4 of the 1991 ADA Standards, § 302.3 of the 2010 ADA Standards.

4.28    The run slope of walking surfaces on the accessible route shall not be steeper than 1:20 (5%). § 4.3.7 of the 1991 ADA Standards, § 403.3 of the 2010 ADA Standards.

4.29    The cross slope of walking surfaces on an accessible route shall not be steeper than 1:48 (2.08%) In the 2010 ADA Standards and may not be more than 1:50 (2%) in the 1991 ADA Standards. § 403.3 of the 2010 ADA Standards, § 4.3.7 of the 1991 ADA Standards.

4.30    Ramps on an accessible route shall have a running slope not steeper than 1:12 (8.33%). §4.8.2 of the 1991 ADA Standards, § 405.2 of the 2010 ADA Standards.

4.31    Curb ramps and ramps on an accessible route to be constructed on existing sites or in existing buildings or facilities where space limits prohibit use of a 1:12 (8.33%) slope or less, may, for a maximum rise of 6 inches have slopes between 1:12 (8.33%) and 1:10 (10%), and for a

Complaint for Declaratory and Injunctive
Relief - 12
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

maximum rise of 3 inches it may have slopes between 1:10 (10%) and 1:8 (12.5%). A slope steeper than 1:8 (12.5%) is not allowed. §4.1.6(3)(a) of the 1991 ADA Standards, § 405.2 of the 2010 ADA Standards.

4.32    Ramps on an accessible route must have a cross slope of no steeper than 1:48. § 405.3 of the 2010 ADA Standards.

4.33    On an accessible route, the clear width of a ramp run and, where handrails are provided, the clear width between handrails must be 36 inches minimum. § 4.8.3 of the 1991 ADA Standards, § 405.5 of the 2010 ADA Standards.

4.34    On an accessible route, ramp runs with a rise greater than 6 inches (150 mm) must have handrails on both sides. § 4.8.5 of the 1991 ADA Standards, §§ 405.8, 505.2 of the 2010 ADA Standards.

4.35    On an accessible route, edge protection must be provided on each side of ramp runs and at each side of ramp landings. § 405.9 of the 2010 ADA Standards. §§ 4.8.5, 4.8.7 of the 1991 ADA Standards.

4.36    Where provided on an accessible route, curb ramp flares shall not be steeper than 1:10. § 4.7.5 of the 1991 ADA Standards, § 406.3 of the 2010 ADA Standards.

4.37    The 2010 ADA Standards state that the landing at the top of a curb ramp on an accessible route must be 36 inches (915 mm) minimum. In alterations, where there is no landing at the top of curb ramps, curb ramp flares shall be provided and shall not be steeper than 1:12. § 406.4 of the 2010 ADA Standards.

4.38    28 CFR § 36.211(a) requires that "A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part. 28 CFR § 36.211(a).

1

2    **Family Pancake House**

3        4.39    Defendant FA Redmond PAD LLC owns and operates the Family Pancake House

4    property located at or around 17621 NE Redmond Way 98052, Parcel Number 306610-0040.

5        4.40    At the Family Pancake House property, a restaurant open to the public is currently

6    in operation. This restaurant is called the Family Pancake House. Within the identified parcel, there

7    is a public parking area serving the restaurant.

8        4.41    This parking facility that members of the public use to access the restaurant is

9    currently in operation.

10       4.42    The basic features and the accessibility concerns of the public parking facility that

11   are noncompliant with the ADA Standards at the Family Pancake House property are enumerated

12   below:

13       4.43    There are greater than 26 total parking stalls at the Family Pancake House property

14   that are open to the public. 2 stalls of the total are designated accessible. A recent photograph of

15   those designated accessible stalls is included below:

16

17

18

19

20

21

22

23      4.44    Neither of these two spaces has been designated "van accessible" on the signage.

Complaint for Declaratory and Injunctive
Relief - 14
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.45    The signs designating both spaces as accessible are too short and do not comply with the height requirements of the ADA Standards. Vehicles parked in these spaces obscure the signage.

4.46    The access aisle between these two spaces is too narrow and thus does not conform to the width requirements of the ADA Standards. Further, the access aisle is not striped.

4.47    The access aisle contains changes in level greater than the slope allowable under the ADA Standards.

4.48    The leftmost space in the above photograph aisle contains changes in level greater than the slope allowable under the ADA Standards.

4.49    The access aisle connects to the sidewalk via a ramp (a change in level greater than ½ inch) that does not comply with ADA Standards, is of noncompliant shape and construction, and has slopes that exceed what is allowable under the ADA Standards. Recent photographs are included below:





1
2
3
4
5
6
7
8

**Redmond Inn**

9       4.50    Defendant FA Redmond LLC owns and operates the Redmond Inn property located

10   at or around 17601 Redmond Way 98052, Parcel Number 306610-0020.

11      4.51    At the Redmond Inn property, a hotel open to the public is currently in operation.

12   This hotel is called the Redmond Inn. Within the identified parcel, there is a public parking area

13   serving the hotel.

14      4.52    This parking facility that members of the public use to access the hotel is currently

15   in operation.

16      4.53    The basic features and the accessibility concerns of the public parking facility that

17   are noncompliant with the ADA Standards at the Redmond Inn property are enumerated below.

18      4.54    There are greater than 151 total parking stalls at the Redmond Inn property that are

19   open to the public. 7 stalls of the total are designated accessible. Of those 7 stalls designated

20   accessible, 2 have the "van accessible" designation on their signs.

21      4.55    Each of the 7 designated accessible spaces will be addressed in turn and with recent

22   photographs for clarity.

23

Complaint for Declaratory and Injunctive
Relief - 16
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.56    The first designated accessible space is located to the left of the entrance to the Redmond Inn hotel. A photograph of this space is included below and will be referred to from hereon as "Space A"



4.57    As shown in the above picture, Space A is designated on the sign as a 'van accessible' space but does not conform to the width requirements of the ADA Standards. The sign designating the space is also too short and does not comply with the height requirements of the ADA Standards.

4.58    There is no striped access aisle provided for this space which is contrary to the requirements of the ADA standards.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.59    The second designated accessible space is located to the right of the entrance to the Redmond Inn hotel. Recent photographs of this space are included below and will be referred to from hereon as "Space B"

 

4.60    Space B is designated as a 'van accessible' space but does not conform to the width requirements of the ADA Standards. The sign designating the space is too short and does not comply with the height requirements of the ADA Standards. The sign is also obscured by vehicles that park in the space.

4.61    The striped access aisle of Space B does not connect to the sidewalk, thus a wheelchair-using patron must enter the vehicle thruway when ambulatory patrons can access the sidewalk, so it does not comply with the ADA Standards for accessible routes. The space contains changes in level greater than the slope allowable under the ADA Standards.

4.62    The third and fourth designated accessible spaces are located farther to the right of the entrance to the Redmond Inn hotel. A recent photograph of these spaces is included below and

Complaint for Declarative and Injunctive
Relief - 18
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1    will be referred to from hereon as "Space C" on the left in the photograph and "Space D" on the

2    right in the photograph.



9    4.63    As can be seen in the above photograph, there is no signage designating these

10   spaces as accessible, in violation of the ADA Standards.

11   4.64    The width of the access aisle Space C and Space D share is too narrow and does

12   not conform to the width requirements of the ADA Standards. The access aisle does not connect

13   to the sidewalk, thus, a wheelchair-using patron must enter the vehicle thruway when ambulatory

14   patrons can access the sidewalk. As a result, Space C and Space D do not comply with the

15   accessible route requirements of the ADA Standards. The access aisle also contains changes in

16   level greater than the slope allowable under the ADA Standards.

17   4.65    Both Space C and Space D contain changes in level greater than the slope allowable

18   under the ADA Standards.

19   4.66    The fifth and sixth designated accessible spaces are located parallel to Spaces C

20   and D and the entrance to the Redmond Inn hotel. Recent photographs of these spaces are included

21   below and will be referred to from hereon as "Space E" on the left in the photograph and "Space

22   F" on the right in the photograph.

23

Complaint for Declarative and Injunctive
Relief - 19
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172





4.67    As can be seen in the above photographs, the signs designating Spaces E and F are too short and do not comply with the ADA Standards. When a car is parked in the spaces the signs are obscured.

4.68    The access aisle shared between Spaces E and F is too narrow and does not comply with the width requirements of the ADA Standards. The shared access aisle as well as Spaces E and F contain changes in level greater than the slope allowable under the ADA Standards.

Complaint for Declaratory and Injunctive
Relief - 20
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.69   The access aisle connects to the sidewalk via a ramp (a change in level greater than ½ inch) that does not comply with the ADA Standards. The ramp is nonstandard in construction, with changes in level greater than what is allowable under the ADA Standards.

4.70   Recent photographs of this ramp have been included below:

 

4.71   The seventh designated accessible space is located in the far northwestern area of the Redmond Inn property. It is located a great distance from the entrance to the Redmond Inn hotel. A Recent photograph of this space is included below and will be referred to from hereon as "Space G".



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.72    As can be seen in the above photograph, the sign designating Space G is too short and does not comply with the ADA Standards. When a car is parked in the spaces the sign is obscured.

4.73    The access aisle serving Space G is too narrow and does not comply with the width requirements of the ADA Standards.

4.74    The Access aisle and Space G contain changes in level greater than the slope allowable under the ADA Standards.

4.75    Due to the location of the space, it does not comply with the accessible route requirements of the ADA Standards. the space is not located on the closest accessible route to an accessible entrance. Further, the ramp and path that is connected to the access aisle serving Space G leads behind the building and further away from the Redmond Inn building entrance. Please see the below photograph of the pathway as well as a Google satellite image showing the location of Space G.



Complaint for Declaratory and Injunctive
Relief - 22
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172



4.76    Finally, the ramp connected to the pathway leading away from Space G is of nonstandard construction and does not comply with the ADA Standards.

**Conclusion**

4.77    The federal ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability." The ADA prohibits public accommodations, like the parking serving the Family Pancake House and the Redmond Inn that Defendants own and operate, from providing individuals with disabilities with separate or unequal benefits and services.

4.78    Per 42 U.S.C. § 12101, the findings and purpose section of the original ADA, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and

Complaint for Declaratory and Injunctive
Relief - 23
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities..."

4.79    Further, "...census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally..." *Id.*

4.80    Finally, "...the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals..." *Id.*

4.81    Defendants' Family Pancake House and Redmond Inn, due to the enumerated barriers to accessibility and access enumerated above, violate the applicable standards under the ADA and WLAD.

## V.    CAUSES OF ACTION

### First Cause of Action
### Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12101 *et seq.*

5.1    Mr. Baker incorporates the prior paragraphs herein by reference.

5.2     Mr. Baker is a qualified individual with a disability as defined under the ADA 42 U.S.C. § 12102.

5.3    Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

5.4     Incorporating by reference the allegations stated above, Defendants' practice alleged herein of not providing facilities that comply with the ADA violates Plaintiff's rights under that statute.

5.5     Defendants own the Family Pancake House and The Redmond Inn properties, along with their respective parking areas which exclusively serve the businesses at the properties.

5.6     The two businesses, the parking accommodations serving the businesses, and the routes from the parking are public accommodations. 42 U.S.C. § 12181(7)(B).

5.7     In light of Defendants' acts and omissions under the ADA as alleged herein, Mr. Baker has suffered discrimination in the participation of and benefits of the Family Pancake House, the Redmond Inn, and the parking accommodations serving the businesses at those properties. See 42 U.S.C. § 12182.

5.8     Defendants have failed to remediate architectural barriers and other ADA violations alleged herein, which will foreseeably abridge Mr. Baker's rights in the future and deny him access to the benefits and services at Defendants' businesses at the Family Pancake House and Redmond Inn properties in the future unless the requested injunctive relief herein is granted.

5.9      Mr. Baker is entitled under the ADA to monetary damages, declaratory and injunctive relief, and reasonable costs and attorneys' fees. 42 U.S.C. § 12188, 42 U.S.C. § 12205.

### Second Cause of Action
### Washington Law Against Discrimination Revised Code of Washington
### §§ 49.60.010-49.60.505

5.10     Mr. Baker incorporates the prior paragraphs herein by reference.

5.11     Mr. Baker has a disability as defined under the WLAD. RCW 49.60.040(7).

5.12     Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of…the presence of any sensory, mental, or

Complaint for Declaratory and Injunctive
Relief - 25
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

physical disability…is recognized as and declared to be a civil right. This right shall include, but not be limited to: … (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement…."

5.13    Both the Family Pancake House and the Redmond Inn are "place(s) of public resort, accommodation, assemblage, or amusement" within the meaning of the Washington Law Against Discrimination, Wash. Rev. Code § 49.60.040.

5.14    Mr. Baker is informed, believes, and thereon alleges that Defendants and its agents and employees have violated and continue to violate sections 49.60.010 et seq. of the Revised Code of Washington by unlawfully denying Mr. Baker full and equal access to the Family Pancake House and the Redmond Inn for the reasons set forth above, including violating the ADA.

5.15    Incorporating by reference the allegations stated above, Defendants' practice alleged herein of not providing facilities that comply with the ADA denies Mr. Baker the right of full enjoyment of the public accommodations of the businesses and parking serving at the Pancake House and Redmond Inn properties. This constitutes discrimination on the basis of Mr. Baker's disabilities, in violation of the WLAD.

5.16    Defendants' actions constitute discrimination against Mr. Baker and violate the Washington Law Against Discrimination, Revised Code of Washington sections 49.60.010 et seq., in that Mr. Baker is being denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendants provide.

5.17    Because Mr. Baker has a clear legal right to access Defendants' Family Pancake House and Redmond Inn places of public accommodation, a well-grounded fear of an immediate and future invasion of that right, and has been actually injured as a result of Defendants'

Complaint for Declaratory and Injunctive
Relief - 26
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

discriminatory conduct as alleged herein, declaratory and injunctive relief are appropriate remedies. *See Kucera v. Dep't of Transp.*, 140 Wn.2d 200 (2000).

5.18    Mr. Baker's request for injunctive relief is prospective and intended to protect the rights of both himself and other customers with disabilities who do and may wish to patronize the places of public accommodation at the Family Pancake House and Redmond Inn properties.

5.19    Pursuant to Wash. Rev. Code § 49.60.030(2), Mr. Baker is entitled to declaratory and injunctive relief and to recover from Defendants the reasonable attorneys' fees and costs incurred in bringing this action.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Mr. Baker prays for the following relief:

6.1    That this Court assume jurisdiction;

6.2    That this Court issue injunctive relief ordering the Defendants to bring the Family Pancake House and Redmond Inn properties into compliance with, and to operate the properties in compliance with, the Americans with Disabilities Act, pursuant to 42 U.S.C. § 12205; and the WLAD;

6.3    Judgment against Defendants for compensatory damages in an amount to be proven at trial;

6.4    That this Court award Mr. Baker his reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205, and RCW 49.60.030(2); and

6.5    That this Court award such additional or alternative relief as may be just, proper and equitable.

6.6    The right to conform the pleadings to the evidence presented.

Complaint for Declaratory and Injunctive
Relief - 27
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1    RESPECTFULLY SUBMITTED this June 3rd, 2024.

2

3    WASHINGTON CIVIL & DISABILITY ADVOCATE

4    /s/ Conrad Reynoldson                    /s/ Marielle Maxwell
     Conrad Reynoldson, WSBA #48187           Marielle Maxwell, WSBA #54957
5    4115 Roosevelt Way NE, Suite B           4115 Roosevelt Way NE, Suite B
     Seattle, WA 98105                        Seattle, WA 98105
6    (206) 876-8515                           (206) 455-6430
     conrad@wacda.com                         marielle@wacda.com
7
     Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Complaint for Declaratory and Injunctive
Relief - 28
2:24-cv-00776

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172